## Brady Township v. Ashley

*David Cook,* for petitioners.
*Lee C. McCandless,* contra.

DILLON, J., January 11, 1974.—Robert Buzzard,

Jesse Ashley and Paul Lindey were the Brady Township Supervisors for 1971. Claire Buzzard was the secretary.

The auditors of said township filed their audit of the 1971 accounts of the Supervisors of Brady Township on February 22, 1972. On their directions to the clerk of courts, the auditor stated that all of the above parties were given notice of a surcharge and 45 days having elapsed and no appeal being taken, judgments under section 551 of the Second Class Township Code, Act of May 1, 1933, P. L. 103, as amended, 53 PS §65551, in the Court of Common Pleas of Butler County in favor of Brady Township and against the respective individuals as follows:

1. Robert Buzzard in the amount of $241.65.
2. Jesse Ashley in the amount of $221.40.
3. Paul Lindey in the amount of $70.
4. Claire Buzzard in the amount of $140.
5. Against Robert Buzzard, Jesse Ashley and Paul Lindey, jointly or severally in the amount of $936.90.

These judgments were entered July 3, 1972, with interest from February 12, 1972.

Under date of August 16, 1972, petitions to open all the above judgments were filed. Petitioners claim they had no notice of the surcharge.

The surcharge embraces four items which are outlined as follows:

(a) The supervisors, Robert Buzzard, Jesse Ashley and Paul Lindey, are each surcharged the sum of $70 for holding an excessive number of meetings, to wit, 23 in number, contrary to the Act of Assembly: 53 PS §65512.

(b) The three above-named supervisors and the secretary, Claire Buzzard, are surcharged the amount set opposite their names, being the amount spent in attending the meeting of the State Association of

Township Supervisors, contrary to the Act of Assembly (53 PS §§65611(b) and 65612) which provides only one officer of a township may be paid for attending, and the minutes fail to show that anyone was elected to vote for the township.

| | |
|---|---|
| Robert Buzzard | $151.40 |
| Jesse Ashley | $151.40 |
| Claire Buzzard | $140.00 |

(c) The three supervisors are surcharged, jointly and severally, for the expense involving the proposed construction of a township building, for failure to follow the various Acts of Assembly pertaining to plans, advertising and bids, resulting in two separate court proceedings brought by a citizens' committee in the Court of Common Pleas of Butler County.

| | |
|---|---|
| Court costs | $ 57.00 |
| Attendance in court | 205.40 |
| Attorney's fee | 400.00 |
| Advertising | 274.50 |

(d) Supervisor Robert Buzzard is surcharged $2.25 per hour for nine hours, or a total of $20.25, as pertaining to work not the function of the supervisors.

The judgments will be opened for two reasons. In examining the transcript, I agree with the three supervisors that they never had notice of this surcharge until they received letters from the auditors' attorney informing them of said judgments. It is true that Messrs. Buzzard and Ashley may have constructive notice inasmuch as they were supervisors for 1972. However, Mr. Paul Lindey went off the board December 31, 1971. He was entitled to notice in February of 1972 of this surcharge and he testified that he had no notice of any audit until July of that year. He received no copy of the audit.

In addition, he is not a subscriber to the Butler Eagle and, therefore, missed the advertisements.

Due process of law requires more notice than has been afforded these supervisors. There is a breakdown in communication here and it would be unfair to refuse these public servants their day in court on this issue.

I note that supervisors may secure from the general township fund, as compensation, $15 for each meeting which they attend: 53 PS §65515. Their annual compensation then ranges from $240 to $360.

It seems to this court that some of these surcharges are on dubious grounds. I deduce that the $70 surcharge for excessive meetings indicates that the pay is $10 per meeting and that the auditors have limited the number of meetings to 16 per annum. However, the code (53 PS §65512) allows up to 24 meetings devoted to governmental functions for which compensation may be paid.

The surcharge under (b) raises an interesting problem. There is an apparent conflict between sections 53 PS §§65516(h) and 65612 as to the extent these convention expenses were to be borne by the township. Section 65612 is authority for the payment of the expenses of one delegate; section 65516 is apparent authority for payments by the township of all in attendance at such a convention when directed by the board of supervisors. The auditors' position that no expenses are allowable, since the minutes do not reveal the designated delegate, is too harsh under these circumstances and ignores a pertinent provision of the code, 53 PS §65545. Someone's expenses must be borne by the township.

The surcharge of $20.25 under (d) is too insignificant to merit comment and also does not square with 53 PS §65545.

That brings us to the principal surcharge of $936.90, involving the litigation over proposed construction of a township building. This must somehow be reconciled with this language of the code (53 PS §65545):

"[A]nd the surcharge of any such officer shall take into consideration as its basis, the results of such act, error or omission and the results had the procedure been strictly according to law."

It is apparent to this court that the judgment should be opened and the supervisors allowed to show the validity of their credits; hence, this order

### ORDER

Now, January 11, 1974, the petitions to open all the aforesaid judgments is granted. An evidentiary hearing is scheduled for March 1, 1974, at 10 a. m. in Court Room No. 2, and said hearing will be conducted in accordance with 53 PS §65559 of the Township Code.